CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/11/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>MAGNATE, LLC,<br><br>   Defendant. | Civil Action No. 5:18-cv-00127 |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action under Section 104(e)(5) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9604(e)(5), for an Order in Aid of Access to property owned by Defendant Magnate, LLC. The property at issue consists of six parcels located at or near 523 Aileen Road, Edinburg, Shenandoah County, Virginia (the "Site"). The United States seeks such an Order to permit EPA to implement a cleanup action at the Site to remove hazardous substances under Section 104(a) of CERCLA, 42 U.S.C. § 9604(a).

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9604 and 9613(b).

3. This Court has personal jurisdiction over Defendant because Defendant owns the six parcels that comprise the Site, which are located in this District.

4. Venue is proper in this District because the Site is located within this District, and the claims arose in connection with releases or threatened releases of hazardous substances that have occurred in this District. 28 U.S.C. § 1391(b), (c); 42 U.S.C. § 9613(b).

## DEFENDANT

5. Defendant is a limited liability company formed in 2007 under the laws of the Commonwealth of Virginia, with a principal office address at 3102 Headley Road, Maurertown, VA, 22644.

6. Defendant is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Defendant acquired the Site in two or more transactions between 2007 and 2009, and currently owns the Site.

## STATUTORY BACKGROUND

8. Congress enacted CERCLA in 1980 to provide the United States with a comprehensive mechanism for responding to releases and threatened releases of hazardous substances and funding the costs of cleanup actions. *See* 42 U.S.C. §§ 9604(a), 9606(a), 9607(a).

9. Section 104(a) of CERCLA authorizes the President to take action consistent with the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. Part 300, to respond to the release or substantial threat of release of any hazardous substance into the environment. 42 U.S.C. § 9604(a).

10. A "release" is "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including

the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant) . . . ." 42 U.S.C. § 9601(22).

11. Section 104(e) of CERCLA authorizes any officer, employee, or representative of the President to enter any facility, establishment, property, place, or location where there may be a release or threatened release of a hazardous substance to determine the need for a response or take a response action. 42 U.S.C. § 9604(e)(1), (e)(3).

12. If an officer, employee, or representative of the President requests entry under Section 104(e), and consent to enter is denied or conditioned in any manner, the President may ask the Attorney General to commence a civil action to compel compliance with the request for access. 42 U.S.C. § 9604(e)(5)(B); 40 C.F.R. § 300.400(d)(4)(i).

13. Where there is a reasonable basis to believe that there may be a release or threatened release of a hazardous substance, the Court shall enjoin interference with entry unless, under the circumstances of the case, the demand for entry is "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 9604(e)(5)(B)(i).

14. Executive Order No. 12,580 delegates the President's authority under Section 104 of CERCLA, 42 U.S.C. § 9604, to EPA. 52 Fed. Reg. 2923 (Jan. 23, 1987).

## GENERAL ALLEGATIONS

15. The Site consists of six parcels bearing Shenandoah County, Virginia parcel identification numbers 07101001, 07101001B, 07101001D, 07101001E, 07101001F, and 07101001G, and totals approximately thirty acres.

16. Upon information and belief, subject to a reasonable opportunity for further investigation and discovery, the Site is the location of a former textile plant operated by Aileen, Inc. The plant closed in or around 1995.

3

Case 5:18-cv-00127-MFU   Document 1   Filed 10/11/18   Page 3 of 11   Pageid#: 3

17. The Site currently contains, among other things, numerous buildings in various states of demolition, concrete pads where buildings once stood, debris piles, aboveground storage tanks, and a building basement and connected tunnel.

18. Many of the remaining buildings at the Site are in advanced stages of decay.

19. Upon information and belief, subject to a reasonable opportunity for further investigation and discovery, Defendant currently rents portions of the Site to several small businesses, including a porta-john business and a metal scrap salvage operation.

20. In 2015, EPA received a request from the Virginia Department of Environmental Quality and Virginia Department of Labor and Industry to conduct an asbestos investigation of debris piles at the Site resulting from the demolition of a former warehouse building.

21. In 2016, EPA obtained Defendant's written consent to enter to conduct an investigation at the Site and collect samples on two occasions.

22. On May 3-5, 2016, EPA collected, among other samples, sediment samples from various buildings located throughout the Site; air samples adjacent to areas of broken insulation; bulk samples from debris piles scattered throughout the Site; and surface water samples from the basement, which was partially flooded during the May 2016 investigation.

23. For organizational purposes, EPA labeled various debris piles and waste areas encountered throughout the Site with numbers. The labeled areas included, among others, "Pile 3" located in the southeastern portion of Parcel No. 07101001B; "Area 5" located along the north side of Parcel No. 07101001B; and "Area 10" consisting of the basement and connected tunnel located on Parcel No. 07101001G.

24. EPA's analysis of the samples collected in May 2016 revealed, among other things, the presence of friable asbestos in Pile 3; friable asbestos in a discrete area within an open

4

Case 5:18-cv-00127-MFU   Document 1   Filed 10/11/18   Page 4 of 11   Pageid#: 4

building in Area 5; friable asbestos in surface water in the flooded basement in Area 10; polychlorinated biphenyls ("PCBs") in sediments in Area 10; and PCBs in surface water in the flooded basement in Area 10.

25. On November 15-16, 2016, EPA conducted a second sampling event at the Site.

26. The November 2016 sampling event included, among other things, additional investigation of environmental conditions in Area 10, where the basement flooding had limited the May 2016 investigation.

27. The water level in the basement in Area 10 was lower during the November 2016 sampling event, and EPA discovered two previously unseen debris piles in the basement in Area 10.

28. EPA's analysis of the samples collected in November 2016 revealed, among other things, friable asbestos in the two debris piles in Area 10, and PCBs in sediments in Area 10.

29. PCBs and asbestos are hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and 40 C.F.R. § 302.4.

30. On January 18, 2018, EPA determined that the release and/or threatened release of asbestos and/or PCBs at the Site may present an imminent and substantial endangerment to the public health or welfare or the environment. In support of that determination, EPA found that, among other things: (1) the Site is not fenced and has no security to prevent trespassers from coming into contact with friable asbestos; (2) wind, rain, and other weather events could cause friable asbestos to migrate from piles on the ground and from buildings as they continue to deteriorate; and (3) water infiltrates the basement during heavy rain events, which could spread the asbestos and PCB contamination at the Site.

31. On February 13, 2018, EPA sent Defendant a letter which, among other things, notified Defendant of its potential liability under CERCLA, identified response actions deemed necessary by EPA to address human health and/or environmental risks at the Site, provided Defendant with a limited period of time to notify EPA whether it wished to perform such response actions itself under EPA oversight, and provided a draft settlement document for Defendant's review and comment.

32. EPA's February 13, 2018 letter also stated that Defendant's response should indicate whether Defendant was willing to conduct cleanup work under terms substantially similar to those in the draft settlement document and transmit any comments Defendant wished to make on the draft settlement document.

33. Defendant's response to EPA's February 13, 2018 letter was due by February 25, 2018.

34. On March 10, 2018, Defendant sent EPA a letter proposing to perform only a portion of the cleanup work described in EPA's February 13, 2018 letter.

35. The Defendant's March 10, 2018 letter contained no commitment to sign a settlement document and no comments on the draft settlement document included with EPA's letter.

36. On April 3, 2018, EPA sent Defendant a letter notifying Defendant that its March 10, 2018 response provided an insufficient basis to negotiate a settlement for the work, and requesting access to allow EPA to take a response action at the Site. EPA asked Defendant to sign an entry form enclosed with the letter.

37. On April 10, 2018, Defendant sent a letter to EPA notifying EPA that Defendant might sell the Site. The letter also requested "a cost analysis and budget to complete the job with

a clean bill of health," "a finding as to liability for cost recovery following Magnate or the property," and "a letter of condition, requirement and cost to be presented at the sale."

38. Defendant's April 10, 2018 letter did not respond to EPA's request for consent to access the Site to take a response action.

39. On April 19, 2018, EPA sent Defendant a letter that, among other things:

   a. notified Defendant that EPA regarded Defendant's April 10, 2018 letter as a denial of consent for entry;

   b. reiterated EPA's request for consent to enter Defendant's property to perform the work described in EPA's February 13, 2018 letter;

   c. stated that an estimate of the costs to perform the work would be available when the response action was formally approved and funded;

   d. clarified that the response action would not result in a "clean bill of health," but would address certain threats to human health and/or the environment at the Site; and

   e. explained that costs incurred by EPA in connection with the response would constitute a lien on the property and that transfer of the property would affect neither Defendant's status as a responsible party nor the validity of the lien.

40. EPA's April 19, 2018 letter requested that Defendant sign and return an enclosed consent form within five business days of receipt, and explained that if EPA did not hear from Defendant by such time, EPA would conclude that Defendant declined consent to entry.

41. EPA's April 19, 2018 letter was delivered to Defendant on April 20, 2018.

42. EPA received no response or contact from Defendant within five business days of receipt.

43. By an email to EPA on May 10, 2018, Defendant submitted a draft of conditions on entry, including:

   a. a restriction on the number of parcels for which access would be provided;

   b. a requirement that EPA answer a series of questions;

7

c. a requirement for a ten-minute question-and-answer period at the start and end of the response;

   d. a requirement for remote video recording; and

   e. a requirement that then-EPA Administrator Scott Pruitt read and sign, before a notary, a statement of facts to be provided by Defendant.

44. On May 31, 2018, EPA formally selected a response action for implementation at the Site under Section 104(a) of CERCLA, 42 U.S.C. § 9604(a).

45. The selected response action consists of, among other things, removing and disposing off-Site friable asbestos and certain PCB-contaminated sediments found in Pile 3, Area 5, and Area 10; sealing off the basement and tunnel in Area 10, where residual asbestos-contaminated material and PCBs will remain; and installing signage indicating that asbestos and PCBs remain at the Site.

46. On June 4, 2018, EPA held a conference call with Defendant and Defendant's counsel to discuss Defendant's concerns regarding EPA's request for access.

47. At the conclusion of the call, Defendant stated that it would consent to entry solely to Area 10, but nowhere else.

48. EPA advised Defendant on the conference call that Defendant's proposal placed unacceptable conditions on entry.

49. By email to EPA on June 8, 2018, Defendant transmitted a document entitled "Access Agreement," which contained Defendant's summary of the June 4 conference call and reiterated that Defendant consented to entry to Area 10 only.

50. On June 18, 2018, Defendant sent a letter to then-EPA Administrator Scott Pruitt, stating, among other things, that Defendant had offered conditional access to EPA and that EPA rejected Defendant's conditions.

8

Case 5:18-cv-00127-MFU   Document 1   Filed 10/11/18   Page 8 of 11   Pageid#: 8

## CLAIM FOR RELIEF

51. The United States re-alleges and incorporates by reference all of the preceding paragraphs.

52. The Site is a "vessel, facility, establishment, or other place or property where any hazardous substance or pollutant or contaminant may be or has been generated, stored, treated, disposed of, or transported from" within the meaning of 42 U.S.C. § 9604(e)(3)(A).

53. The Site is a "vessel, facility, establishment, or other place or property from which or to which a hazardous substance or pollutant or contaminant has been or may have been released" within the meaning of 42 U.S.C. § 9604(e)(3)(B).

54. The Site is a "vessel, facility, establishment, or other place or property where such release is or may be threatened" within the meaning of 42 U.S.C. § 9604(e)(3)(C).

55. The Site is "a vessel, facility, establishment, or other place or property where entry is needed to determine the need for response or the appropriate response or to effectuate a response action" under CERCLA Section 104 within the meaning of 42 U.S.C. § 9604(e)(3)(D).

56. EPA has a "reasonable basis to believe there may be a release or threat of release of a hazardous substance or pollutant or contaminant" under 42 U.S.C. § 9604(e)(1) because: (1) sampling at the Site detected friable asbestos in Pile 3, Area 5, and Area 10, and PCBs in Area 10; and (2) EPA determined that weather and other events could cause friable asbestos and PCBs at the Site to migrate.

57. EPA needs access to the Site to take the response action selected by EPA on May 31, 2018.

58. EPA sought Defendant's consent to enter the Site to take a response action under Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

59. Defendant did not grant consent and conditioned entry.

60. Defendant has interfered with entry to the Site within the meaning of CERCLA Section 104(e)(5)(B)(i), 42 U.S.C. § 9604(e)(5)(B)(i).

61. EPA's demand for entry to the Site is not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court:

A. Issue an Order directing Defendant and its agents, employees, or representatives to provide EPA and its officers, employees, or representatives with immediate, unimpeded entry and access to the Site, at reasonable times, to take the response action that EPA selected on May 31, 2018, and such additional or different response actions as EPA may select via a modification or amendment to the response action selected on May 31, 2018;

B. Enjoin Defendant and its agents, employees, or representatives from obstructing, impeding, or otherwise interfering with entry and access to the Site, at reasonable times, by EPA and its officers, employees, or representatives for the purpose of taking the response action that EPA selected on May 31, 2018, and such additional or different response actions as EPA may select via a modification or amendment to the response action selected on May 31, 2018;

C. Award the United States the costs of this action; and

D. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

ROBERT BROOK
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

/s/ Genevieve S. Parshalle
GENEVIEVE S. PARSHALLE
California Bar No. 307228
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-2445
Fax: (202) 514-0097
Email: Genevieve.Parshalle@usdoj.gov

THOMAS T. CULLEN
United States Attorney
Western District of Virginia

/s/ Sara Bugbee Winn
SARA BUGBEE WINN
Virginia Bar No. 35924
Assistant United States Attorney
P.O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Fax: (540) 857-2283
Email: sara.winn@usdoj.gov

Of Counsel:

ANDREW GOLDMAN
Sr. Assistant Regional Counsel
EPA Region III
Philadelphia, PA

11

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Magnate, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Shenandoah County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Genevieve S. Parshalle, United States Department of Justice, ENRD
P.O Box 7611, Washington, D.C. 20044-7611
(202) 514-2445, genevieve.parshalle@usdoj.gov

Attorneys *(If Known)*
Brad Pollack
753 S Main St, Woodstock, VA 22664
(540) 459-8600, bgpollack@gmail.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- [X] 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA", 42 U.S.C. § 9604(e)(5)
Brief description of cause:
Action for an Order in Aid of Access for EPA to conduct a response action under CERCLA, 42 U.S.C. § 9604(a)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 10/10/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Genevieve Parshalle

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Case 5:18-cv-00127-MFU   Document 1-1   Filed 10/11/18   Page 1 of 1   Pageid#: 12

5:18-cv-00127