IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:18-cv-00127 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MAGNATE, LLC, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

In October 2018, the United States of America filed a complaint against Magnate, LLC seeking an Order in Aid of Access to property owned by Magnate under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"). Magnate was represented by counsel, and all parties agreed to a Stipulation and Order in Aid of Access (signed by all parties), which order was signed and entered by the previous judge assigned to this case on February 12, 2019. On June 21, 2019, the United States gave notice of its completion of work on the site. (Dkt. No. 25.) On March 6, 2020, the United States gave notice of a federal superfund lien, which notice was filed under Civil Action No. 5:20-mc-9.[1]

Then, in December 2020, the court received a letter from Darryl Bates, the managing member of Magnate, questioning whether Magnate received due process regarding the lien and questioning whether Magnate had any remedies. (Dkt. No. 26.) This letter was not filed by counsel, was not a pleading, and asked for no remedy. Nonetheless, the court asked the United States to respond to the letter, which it did. (Dkt. Nos. 27, 29.) Magnate, by counsel, then replied to the government's response, and the United States filed a surreply. (Dkt. Nos. 30, 34.)

---

[1] Magnate, by counsel, challenged the lien on the basis of due process, but there was no cause of action before the court, as found by the court in order entered November 2, 2020, denying Magnate's motion to dismiss (Dkt. No. 17) and as agreed to by all parties when they stipulated to a termination of the matter (Dkt. No. 18).

Meanwhile, in July 2022, Magnate, by counsel, filed a complaint against the United States Environmental Protection Agency pursuant to the Federal Tort Claims Act challenging the lien, asking for removal of the lien as a remedy, and seeking damages for negligence.  (Civil Action No. 5:22-cv-40.)

Then, on April 5, 2023, the court received a letter from Darryl Bates, purportedly on behalf of defendant Magnate, LLC and not by counsel, with an enclosed "Motion to Vacate the Court Order," both of which were docketed on April 10.  (Dkt. Nos. 35, 36.)  The United States moved to strike each of these filings (Dkt. No. 37), as Bates has not claimed to be an attorney, and the Supreme Court has held that artificial entities must be represented by counsel in the federal courts.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

On May 1, 2023, the court ordered that Magnate, through counsel, show cause why the United States' motion to strike should not be granted within 14 days.  (Dkt. No. 38.)  To date, Magnate has failed to respond to that order, and the time for doing so has passed.

Because there is no motion properly before the court, but instead only a letter filed pro se on behalf of Magnate, LLC (Dkt. No. 26) and a letter and motion to vacate the court's order (Dkt. Nos. 35, 36) (which order was a stipulation and order agreed to and signed by the parties (Dkt. No. 24)), this court will grant the United States' motion to strike (Dkt. No. 37) and order this action stricken from the court's active docket.

Entered: June 23, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge